# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEITH D. BOX, | ) |
| Petitioner, | ) |
| v. | ) No. 4:13CV540 RWS |
| MIKE KEMNA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's post-dismissal motion to compel warden Troy Steele to give petitioner meaningful access to the Courts. Also before the Court is petitioner's notice of appeal and request for certificate of appealability. The Court has reviewed petitioner's filings in full and makes the following findings.

## Procedural History

On March 19, 2013, petitioner filed a motion in his closed 1998 habeas corpus (brought pursuant to 28 U.S.C. § 2254), see Box v. Kemna, 4:98CV801 RWS, seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. The Court reviewed the motion and determined that the factual predicate of the motion dealt with the validity of petitioner's state conviction. As such, I directed the Clerk to administratively file the motion as a new case under 28 U.S.C. § 2254. The Clerk opened the instant action.

After construing petitioner's motion as a writ of habeas corpus, this Court dismissed the application as successive on April 10, 2013. Petitioner sought reconsideration of the Court's ruling on April 22, 2013, arguing that his "Motion for Rule 60(b) Review" should have never been construed as an application for writ of habeas corpus. After carefully reviewing petitioner's argument, the Court denied his motion for reconsideration.[1]

---

[1] In his Rule 60(b) motion, and in his motion for reconsideration, petitioner asserted that his case was one where "there's been a mistake in this Court ruling in Box's Habeas Corpus Petition, Fraud committed on the Court, and Petitioner Box, have newly discovered evidence supporting his Brady claim." The standard for "fraud on the court" is demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace[s] . . . the species of fraud which does or attempts to[] defile the court itself." Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir.1989) (quotation omitted). "Fraud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window" provided by what is now Rule 60(c). Apotex Corp. v. Merck & Co., 507 F.3d 1357, 1360 (Fed. Cir. 2007).

All of the arguments for "fraud" alleged by petitioner were somehow addressed by this Court in petitioner's prior habeas petition, or found to be immaterial to the case in petitioner's prior proceedings. For example, petitioner argues that he now has the preliminary hearing tape of co-defendant Michael Box. The need for this information was addressed in petitioner's prior habeas petition under the auspices of petitioner's argument that he received ineffective assistance of trial counsel. Petitioner argued that trial counsel failed to adequately investigate facts prior to trial to impeach the State's witnesses who gave false testimony. The Court found that trial counsel presented defense witnesses, cross-examined all of the prosecutions witnesses and argued diligently on petitioner's behalf. Moreover, petitioner's attorney stated that he had been allowed interviews with co-defendant Michael Box

## **Motion to Compel**

In his newest motion before the Court, petitioner asserts he is being denied access to the Courts. He states that the Warden at Potosi, Troy Steele, has instituted a new policy limiting the amount of money inmates in administrative segregation, like himself, are allowed to spend toward postage stamps to send legal materials. Petitioner asserts that he has "150 pages of documentary motions and exhibit evidence that he needs to file in this appeal process of this criminal case to have

---

prior to trial. Thus there is nothing to indicate that fraud on the Court could have occurred by the allegedly new release of a preliminary hearing tape of Michael Box, when petitioner's attorney had been allowed access to Michael Box prior to trial. Additionally, the surveillance tapes of Rick's Deli (that petitioner says were "newly released") were also addressed in petitioner's prior habeas petition. In petitioner's criminal trial, the State argued that petitioner <u>may have</u> entered the Deli - their primary argument at trial was that petitioner served as a lookout, whether inside or outside of the Deli. Thus, the contents of the videotape were immaterial and whether petitioner was actually in the Deli was immaterial. The State was merely required to prove that petitioner acted with the others for the purpose of committing the crime and the video certainly wasn't the only evidence to show that he was involved in the robbery or the assault.
      The Court reiterates that petitioner is not without any legal remedy whatsoever after the dismissal of this action. He may file a request with the United States Court of Appeals for the Eighth Circuit to file a successive habeas petition. However, his arguments in the instant action involve his underlying state habeas and do not convince this Court that it has reached the high bar provided by Rule 60(b). As a result, the Court was correct in interpreting the instant motion as a successive application for writ of habeas corpus. To the extent petitioner is seeking reconsideration of that order once again, his motion is denied.

meaningful access to the Courts."[2] At the end of his motion, however, petitioner does admit that there is a mechanism to be granted a waiver of the policy, by filing a form called a "Qualified Legal Claim Form," but he states that he does not know how long it takes to hear back about approval of such a form.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Although petitioner believes he may suffer an injury to his claims if his Qualified Legal Claim Form is not approved in time to file his appeal, he has not shown that he has suffered an actual injury <u>at this time</u> to any <u>pending</u> claims before this Court or the Court of Appeals. Thus, he cannot show a denial of access to Courts claim at this time. His motion to compel will be denied.

### Notice of Appeal /Request for Certificate of Appealability

Petitioner filed a notice of appeal in this action on April 22, 2013. In his second notice of appeal, filed on June 26, 2013, petitioner also seeks a certificate of appealability, which this Court will deny.

---

[2]The Court is unsure why petitioner feels compelled to file such a lengthy correspondence with the Court of Appeals. The electronic record on appeal from this case will be transmitted by this Court to the Eighth Circuit Court of Appeals.

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the Court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). The Court finds that neither ground is applicable in this action and declines to issue a certificate of appealibility. Petitioner may of course, renew his request in the Eighth Circuit Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to compel is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent petitioner's motions could be construed as a second motion for reconsideration of the dismissal of this action, his motions are **DENIED**.

Dated this 28th day of June, 2013.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE